333 P.2d 733

Howard WARNER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent.

No. 6499.

Supreme Court of Arizona.

Dec. 31, 1958.

Robert E. Yount and Fenton J. Mc-Donough, Scottsdale, for petitioner.

Frances M. Long, Phoenix, for respondent. John R. Franks, Donald J. Morgan, Robert K. Park and James D. Lester, Phoenix, of counsel.

UDALL, Chief Justice.

Review by certiorari of an award by The Industrial Commission of Arizona, denying petitioner Howard Warner additional compensation.

Petitioner (a man aged fifty-one years), on September 18, 1953, admittedly sustained an injury (inguinal right hernia—acute lumbar sacral strain) by an accident arising out of and in the course of his employment as a painter with Peter Brothers. The latter were insured in the State Fund.

The Commission promptly assumed jurisdiction and found the claim to be compensable. Eventually the doctors reported there was a 10% physical functional disability as a result of the injury, and the Commission, finding that petitioner had suffered a 29.48% loss of earning capacity, awarded him compensation for an unscheduled permanent partial disability in the sum of $63.90 per month, *to continue until further order of the Commission.* No appeal was taken from this award, and between date of injury and December 29, 1955 there was paid to petitioner a total of $3,782.02 in compensation, plus accident benefits totalling $2,194.50.

Petitioner repeatedly sought to have his case reopened and the compensation increased—with a continuation of accident benefits—this because of claimed inability to obtain and retain gainful employment due to constant severe pains in his back and neck. Two formal rehearings were granted and evidence taken. It was recognized that expert medical testimony was essential, hence medical advisory boards

were appointed by the Commission to examine claimant and review the record. In all sixteen doctors participated in the processing of this claim. The consensus of their opinion was that there was no causal connection between his present inability to work and the original injury of September 18, 1953.

This medical testimony formed the basis for the Commission's finding of September 20, 1956, viz.:

"2. That there is insufficient medical evidence to indicate that said applicant is suffering *any new, additional or previous undiscovered disability attributable to said injury* of September 18, 1953, * * *." (Emphasis supplied.)

The award reads:

"Award is hereby made affirming the award of December 29, 1955; and that applicant take nothing by reason of his Petition and Application for Readjustment or Reopening of Claim."

This award was reaffirmed January 8, 1957. Writ of certiorari was then granted.

The only issue in this case is whether or not the above finding is reasonably supported by the evidence.

In his reply brief petitioner admits:

" * * * A new disability is inapplicable to this case and petitioner concedes that the medical testimony in the evidence far outweighs any testimony to the effect that he has a 'previously undiscovered disability'. * * *"

However, he then goes on to contend there is competent evidence to conclusively show the nexus between his original status and his present worsened physical condition and greatly impaired earning capacity, which he maintains requires an award for increased compensation. Petitioner admits that other than his bad back and neck he has no other physical ailments.

Because of our numerous prior pronouncements no citation of authority is required to support the proposition that a compensation claimant, seeking to reopen on the basis of new, *additional* or previously undiscovered disability, must affirmatively show the existence of the disability alleged and the causal relation of the accident to such disability. The Commission is not required to disprove claimant's contention. In the instant case the very nature of the contentions made by petitioner could only be evaluated by expert medical testimony.

It appears to us that no useful purpose would be served by setting forth the testimony of the various doctors who testified at the hearings or the contents of the reports submitted by those composing the

medical boards of review. All of the doctors, but one, were of the opinion that petitioner's complaints were primarily due to arthritis; and that the degenerative type changes noted in comparing earlier and more recent X-rays of the spinal column—coupled with a sedimentation rate of 32.5 which shows elevation—were due to the normal progression of osteoarthritic changes in a man of his age and have no causal relationship to the original injury.

Suffice it to say that a careful reading of the entire record, we believe, conclusively establishes that the medical evidence reasonably supports the findings of the Commission, and certainly the weight of the evidence was for it to determine. The most that can be said for petitioner's case is that there is a conflict because one of the doctors disagreed. Dr. Shike's opinion was that petitioner is probably suffering from a herniated disk—with a resulting nerve impingement—caused by the original injury, and that further tests and possibly surgery was indicated. Such conflict is wholly insufficient to justify a reversal as we are not the triers of fact.

There being substantial evidence to sustain the Commission's finding, the award is affirmed.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.