410 P.2d 666

James G. BIERMAN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Magma Copper Company, Respondents.*

No. 1 CA–IC 77.

Court of Appeals of Arizona.

Feb. 10, 1966.

Rehearing Denied March 18, 1966.

Review Denied April 12, 1966.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent Magma Copper Co.

Robert K. Park, Phoenix, for respondent Industrial Commission of Arizona.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona.

We are called upon to determine whether there is sufficient evidence upon which the Commission may reopen a claim for compensation.

On 5 April, 1956, petitioner suffered severe industrial injuries including contusions to the lower back, contusions to the spinal cord, and factures of ribs and vertebrae. After an extended period of medical treatment, including surgery, the Commission found that petitioner had suffered a 45% general functional disability and a 23.7% loss in his earning capacity.

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 7853. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

It was the opinion of the Commission that even though petitioner would never be able to return to the type of employment in which he was engaged at the time of injury, that he nevertheless would be able to do light work. On 27 March, 1958, the respondent, Magma Copper Company, as was its custom, offered petitioner lighter surface work, bundling wedges weighing approximately one pound each, used in the process of underground mining. Petitioner refused to do the work offered claiming he continued to suffer pain in his lower back and right side. The finding of the Commission was upheld by the Arizona Supreme Court in the case of Bierman v. Magma Copper Company, 88 Ariz. 21, 352 P.2d 356 (1960). Thereafter on 17 August, 1961, petitioner filed an application for readjustment or reopening of claim, claiming that he had;

> "A change of condition for the worse in that he has become totally disabled from carrying on any labor and is in need of medical care and hospitalization which has arisen since his last hearing herein."

Petitioner also contended that he sustained a total loss of earning capacity as a result of the total disability. A group consultation was held at the request of the Industrial Commission. The report of the group consultation was as follows:

> "On examination of this patient today and comparing the findings with those recorded on the previous consultation of March 27, 1958, there are no evidences of new and additional disability."

Finding and award denying reopening of claim was filed 13 November, 1961, which was duly protested and petition for rehearing was filed. Hearing was held 6 June, 1962, in Phoenix, Arizona. The testimony of the petitioner, Mr. Bierman, at the hearing, indicated that his physical condition had become progressively worse, that he had made numerous attempts to find a job and had been unable to do so, the inference being because of his physical condition. He also testified that at this time he would be willing to go back and work at the mine in the wedge bundling job which previously he had refused to accept. The testimony:

> "Mr. Brown: Mr. Bierman, at the hearing on July 22, 1958, the Magma Copper Company, defendant-employer, introduced testimony to the effect that they had offered you employment at the mine in the wedge bundling job which they contended you had not accepted, is that correct?
>
> "Answer: Yes, that is right.
>
> "Question: I will ask you today, Mr. Bierman, if you are willing to go back to the Magma Copper Company today and do anything by way of employment that they have available?
>
> "Answer: Yes, sir, I am.
>
> "Question: I will ask you further if you will state to the Commission whether or not you will make a sincere and honest effort to take any employment that they have available?
>
> "Answer: I sure will."

And, after examination by the referee:

> "Mr. Gorey: Mr. Bierman, in response to examination by the hearing officer, Mr. Morgan, you said that you believe you can do the wedge bundling job as it was previously described in that prior hearing?
>
> "Answer: I do.
>
> "Question: At that prior hearing that I did not attend, as I understand it, you said at that time you felt you couldn't do the job?
>
> "Answer: That is right, I couldn't do it.
>
> "Question: What accounts then for the fact that you now feel that you can do the job?
>
> "Answer: Well, at that time I felt I couldn't do it, and the Doctors kept

telling me that I am able to work so I am willing to try."

Petitioner was the only person to give testimony. Both parties made objections to the consideration by the Commission of medical reports without the right to cross examine. Respondent Magma Copper withdrew its objection by letter after the hearing, and petitioner agreed to have the matter submitted to the Commission on the "basis of the record as it stands". On 8 January, 1963, the decision upon rehearing was filed, denying reopening of the claim and affirming previous finding and award for unscheduled permanent partial disability. Petitioner timely filed his petition for writ of certiorari which was issued by the Arizona Supreme Court.

■ Section 23–1061, subsec. C, A.R. S., reads as follows:

"C. Like application shall be made for an increase or rearrangement of compensation."

Our Supreme Court has stated:

"We hold: 1, that the commission retains jurisdiction of all compensation cases for the purpose of altering, amending, or rescinding its findings and awards at the instance of either the workman, the insurer or the employer (a) upon showing a change in the physical condition of the workman subsequent to said findings and award arising out of said injury resulting in the reduction or increase of his earning capacity; (b) upon a showing of a reduction in the earning capacity of the workman arising out of said injury where there is no change in his physical condition, subsequent to said findings and award; (c) upon a showing that his earning capacity has increased subsequent to said findings and award." Steward v. Industrial Commission, 69 Ariz. 159 at 180, 211 P.2d 217, at 231 (1949). Cited with approval, Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964).

It is the contention of the petitioner that since the award upheld in Bierman v. Magma Copper Company, supra, his physical condition has changed for the worse and he has become totally disabled with a resulting total loss of earning capacity. The burden is upon the petitioner seeking to have his case reopened to show either a change of physical condition resulting in the reduction in the earning capacity or a showing of a reduction in the earning capacity if there has been no change in his physical condition. Warner v. Industrial Commission, 85 Ariz. 150, 333 P.2d 733 (1958), Parnau v. Industrial Commission, 87 Ariz. 361, 351 P.2d 643 (1960). We do not feel that petitioner had sustained the burden of showing a change in his physical condition which would support a petition for reopening. Neither do we believe that petitioner has sustained his burden in showing a reduction in his earning capacity as a result of said injury, which would support a petition for reopening.

This brings us to the next problem. The Arizona Supreme Court in the prior case of Bierman v. Magma Copper Company, supra, stated:

"The Commission based its findings of loss of earning capacity on the difference between petitioner's average monthly earnings (not counting bonuses) and what he would have earned if he had accepted the wedge bundling job offered him by respondent. The Commission properly used the guaranteed wage as a basis of his average monthly wage. (Citations omitted.) If petitioner was physically able to perform the wedge bundling work the loss of earning capacity was also correctly ascertained." 88 Ariz. 21, 24, 352 P.2d 356, 358.

And our Supreme Court has recently stated:

"The Commission could find, as it did * * * 'that neither the industrial injury nor any subsequent residual physical or functional disability causally related thereto prevents the applicant from returning to his regular employment.' Cf Murray v. Industrial

Commission, 87 Ariz. 190, 349 P.2d 627. It could conclude that the best treatment was to take petitioner off compensation, thereby giving him the incentive to return to regular employment." Chavarria v. Industrial Commission, 99 Ariz. ——, 409 P.2d 26, 30 (1965).

 We are concerned here with a petitioner who after receiving "the incentive to return to regular employment" has a change of attitude and then petitions the Industrial Commission to reopen and reconsider his case. The uncontradicted testimony of the petitioner indicates that he has had this change of attitude, and that not only has he attempted to obtain gainful employment, he has also stated under oath that he would be willing to return to work with respondent at the bundling job if he was physically able to do so. He admitted his prior refusal because he did not think he could do this type of work, but also admitted that the Doctors keep telling him that he can do it, and he is "willing to try". We do not think the ruling in Chavarria v. Industrial Commission, supra, forever precludes the petitioner after an ameliorative change of attitude from receiving further consideration by the Industrial Commission. As has been stated:

"The commission has the power to temporarily suspend compensation where the workman refuses to cooperate or neglects to comply with the reasonable requirements of the commission directing him to pursue some particular course of action recommended by the medical board, designed for his benefit. But upon his compliance therewith said compensation must be restored if the suspension is based solely upon such failure or refusal of said workman to comply with the directions of the commission." Steward v. Industrial Commission, supra, 69 Ariz. 159, 180, 211 P.2d 217, 231.

The workman's compensation laws should be given a liberal construction in keeping with the humanitarian and compassionate motives which caused their adoption. Ocean Accident and G. Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641 (1927), Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011 (1951).

 It is apparent that the previous opinion was based at least in part upon petitioner's refusal to work at the job offered to him by respondent. We believe and therefore hold, petitioner, having displayed a change of attitude in the instant case, that his loss of earning capacity should be re-evaluated in light of this willingness to seek and attempt to hold such work as the Commission, after further evidence, believes him capable of performing.

The award is set aside.

STEVENS, C. J., and DONOFRIO, J., concurring.