415 P.2d 118

**Wayne J. WILLIAMS, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent Insurance Carrier,**

**and**

**Metler Bros. Drilling Company, Respondent Employer.**

**No. 1 CA–IC 74.**

Court of Appeals of Arizona.

June 6, 1966.

Rehearing Denied July 18, 1966.

Review Denied Sept. 27, 1966.

Cattany & Howe, by Robert E. Cattany, Tucson, for petitioner.

Robert K. Park, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, for respondent Industrial Commission of Arizona.

DONOFRIO, Judge.

This is an appeal by Writ of Certiorari from a Decision of the Industrial Commission, finding that claimant failed to file his claim within one year after the date the accident occurred or the right thereto accrued, and that the Commission was therefore without jurisdiction.

The claimant was employed as a driller in a remote area in Nevada. He was attempting to break loose some pipe with a 24 inch pipe wrench operated by himself and one or two other men, when the wrench slipped off the pipe and struck claimant's left thumb, hyperextending it. · The accident occurred on July 5, 1963. Claimant continued working, but did report the accident to his supervisor at his earliest opportunity.

Claimant did not seek medical treatment for his injury until more than a year later, in October 1964, when the pain in his thumb became totally disabling. Claimant testified when questioned about this long delay before seeking treatment, that his thumb bothered him, but it didn't bother him enough to send him to a doctor or force him to quit work. Claimant's attending

404

physician discovered the presence of a tumor which he testified pre-existed the accidental injury, in the metacarpal joint of the thumb. Claimant underwent surgery for the removal of the tumor, and repair of the torn ligaments which had permitted hypermobility of the thumb.

The issue raised by this appeal is whether the claim was timely filed.

We have repeatedly stated that the Workmen's Compensation laws should be given a liberal construction in keeping with the humanitarian and compassionate motives which caused their adoption. Bierman v. Industrial Commission, 2 Ariz.App. 548, 410 P.2d 666 (1966); Ocean Accident and Guarantee Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641 (1927).

The applicable statute is A.R.S. § 23–1061, subsec. D, "No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

The claim in the instant case was not filed within a year after the day upon which the accident occurred. We are concerned, then, with when the right to compensation accrued. This phrase has been interpreted by our case law to mean that the time for filing a claim starts to run, "* * * when the injury becomes manifest or when claimant knows or in exercise of reasonable diligence should have known that he had sustained a compensable injury." Mead v. American Smelting & Refining Co., 1 Ariz.App. 73, 399 P.2d 694 (1965). The test of when the injury became manifest is a question of fact, and is the province of the Industrial Commission. Where their determination is supported by competent evidence, it will not be disturbed on appeal. McCormick v. Industrial Commission, 96 Ariz. 88, 392 P.2d 299 (1964). The question as to whether the claim was timely filed resolves itself into whether the Commission was justified under the evidence in finding that the extent and seriousness of the injury became manifest to

the claimant more than one year before his claim was filed.

The testimony is clear that the claimant was aware of the accident at the instant it occurred. It caused a painful injury. Claimant testified that he reported it at his earliest opportunity, and his supervisor corroborates this. Claimant further testified that he experienced some pain following this; but that it was not continuous, he did experience some remission. He testified also:

"Q. Can you tell us why you went that long experiencing this pain?

A. Well, all I can say is it bothered me, but it didn't bother me enough to send me off to a doctor or quit work.

Q. Although it did pain you?

A. It bothered me.

Q. You felt that you could keep working, is that right?

A. That's right.

Q. What happened in November of '64?

A. Well, it just bothered me so much I couldn't use it and I went to a doctor to see about it.

Q. You couldn't use it at all?

A. I still used it, but it bothered me so much when I did, so I went to find out why it was bothering me."

* * * * * *

"Q. * * * Is it your testimony that your thumb bothered you more at that time when you used it than it had previously?

A. Yes.

Q. Or that it bothered you when you used it for such a long time that you went to see him?

A. At the time I went to see the doctor it was just bothering me more all the time, so * * * *".

Claimant's orthopedic surgeon testified that claimant had stated as part of his history that he had disregarded the recurring pain in his thumb because he felt

from his previous experience with such minor injuries, that it would progressively get better. This doctor testified he had noticed that the claimant has a high pain threshold and is a stoic individual; that claimant had required very little pain medication and was so well motivated that the doctor had a little problem restraining him from going gack to work before he thought it was advisable.

The doctor further stated that the injury permitted the tumor to expand more readily by weakening the supportive tissues of the joint; and that conversely the expanding tumor caused more hypermobility of the joint, and progressively greater pain. Here the pre-existing condition, the tumor, aggravated the injury.

 We are committed to the liberal rule that if an injury is slight or trivial at the time of the accident and not compensable, but later there develops unexpected results for which the employee could not have been expected to make a claim, the statute of limitations runs from the time the injury becomes manifest and not from the date of the accident. Hughes v. Industrial Commission, 81 Ariz. 264, 304 P.2d 1066 (1956); Hartford Acc. & Indem. Co. v. Industrial Commission, 43 Ariz. 50, 29 P.2d 142 (1934). The claimant followed the prescribed procedure and promptly reported the accident to his employer. It is our opinion that the very fact that he did take this step without following it up with the filing of a claim, indicates that the injury did not "manifest" itself to him at that time. When the extent and seriousness of the injury did manifest itself to him, he saw a doctor and submitted to surgical correction of it. He also filed his claim for compensation at that time.

It is the opinion of this Court that the claim was filed within a year after the day upon which the right to compensation accrued. The Award of the Commission is set aside.

STEVENS, C. J., and CAMERON, J., concur.