431 P.2d 102

**John T. SHEPARD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and City of Glendale, Respondents.**

**No. I CA–IC 91.**

Court of Appeals of Arizona.

Sept. 7, 1967.

Rehearing Denied Oct. 3, 1967.

Review Denied Nov. 14, 1967.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award and finding upon rehearing of the Industrial Commission of Arizona. We are called upon to determine whether the claim of the petitioner John T. Shepard for industrial compensation was timely filed.

The facts necessary for a determination of this matter are as follows. The petitioner was employed as a mechanic for the City of Glendale, respondent employer, when he suffered an accidental injury on 18 March 1963. He was working on a police car under the dash. When he got up he heard or felt a "popping" in his neck and could not turn his head. He reported it to his foreman and two other workmen. After work that afternoon the petitioner went to a chiropractor for treatment. He continued with treatments for his neck for several weeks, and paid the chiropractor a total of $64 at the rate of $4 per treatment. He did not lose any time at work, but there was testimony to indicate that he did take some sick leave and some compensatory time off as a result of the injury. Petitioner con-

tinued to treat himself with liniment and aspirin, and sought medical attention from his family doctor, Dr. Hunt, in September of 1964. Petitioner filed a claim with the Industrial Commission in November of 1964.

After denial of his application the petitioner requested a rehearing which was held, and the Industrial Commission found in part as follows:

"3. That said applicant sustained personal injury by accident arising out of and in the course of his employment on March 18, 1963.

"4. That the applicant failed to file a claim for compensation within one year after the day upon which injury occurred, or became manifest.

"5. That said injury manifested itself to the applicant on March 18, 1963.

"6. That applicant sought and received medical treatment commencing on March 18, 1963, for said injury.

"7. That applicant was aware that said injury was sustained during the course of his employment.

"8. That said applicant failed to file claim for benefits until November 24, 1964, one year and eight months after the injury occurred and the right thereto accrued."

Petitioner brought a writ of certiorari to review the findings of the Commission.

A review of the record indicates that the evidence is ample from which the findings of the Commission can be sustained, and we are concerned herewith only whether the facts of the case indicate that petitioner's case takes him out of the statute governing the filing of claims.

The statute governing the time in which a claim shall be filed reads as follows:

"No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the

right thereto accrued." § 23–1061, subsec. D, A.R.S.

Our Supreme Court has stated in regard to this particular statute as follows:

"It is well established that an applicant for relief under our workmen's compensation law has the burden of establishing the requisite jurisdictional facts. (citations omitted) * * *.

"The right of workmen's compensation accrues when the employee knows or, by the exercise of reasonable diligence, should have known that he has sustained a compensable injury. (citations omitted) The determination of when the result of the injury becomes manifest is exclusively the province of the Commission. Such determination by the Commission, if supported by competent evidence, will not be disturbed by this Court." McCormick v. Industrial Commission, 96 Ariz. 88, 90, 91, 392 P.2d 299, 301 (1964).

And this Court has stated:

"The claim in the instant case was not filed within a year after the day upon which the accident occurred. We are concerned, then, with when the right to compensation accrued. This phrase has been interpreted by our case law to mean that the time for filing a case starts to run, ' * * * when the injury becomes manifest or when claimant knows or in the exercise of reasonable diligence should have known that he had sustained a compensable injury.' Mead v. American Smelting and Refining Company, 1 Ariz.App. 73, 399 P.2d 694 (1965).

"The test of when the injury became manifest is a question of fact, and is the province of the Industrial Commission. Where their determination is supported by competent evidence, it will not be disturbed on appeal." Williams v. Industrial Commission, 3 Ariz.App. 403, 404, 415 P. 2d 118, 119 (1966).

The testimony at the hearing below is ample from which the Commission could find that the injuries complained of accrued and became apparent more than one year prior to the time he filed his claim with the Commission.

■ The petitioner further contends that the time for filing a claim did not arise until after he had been off work for seven days as a result of the actual injury. We do not agree with this interpretation of our case law on the subject. The Arizona Supreme Court has stated:

"When it is said that the compensation claim period should not begin to run until the claim itself is compensable, this does not mean that the claim period never runs until the occurrence of actual disability in the sense of quitting work, although dicta to this effect can be found. It has been shown in Chapter Ten that there can be compensability without discontinuance of work; an injured man, especially in time of labor shortage, may be able and may prefer to hold on to a job which pays perhaps several times as much as he could collect in workmen's compensation. This should not, however, excuse him from giving notice of the injury, nor from making a timely claim for compensation if he wants to claim compensation at all. In other words, he should not be allowed, with full knowledge of his compensation rights, to delay the employer's opportunity of investigating the injury indefinitely, for the purpose of clinging to his full-wage position as long as the labor market permits." Hughes v. Industrial Commission, 81 Ariz. 264, 267, 304 P.2d 1066, 1068 (1956).

■ The record is sufficient to show that petitioner's injury became manifest to him on the date of the accident 18 March 1963. The claim was filed on 24 November 1964 more than one year after the accident became apparent. The petitioner has failed to present sufficient facts which would warrant the Commission's waiver of the one year period in which to file.

Award affirmed.

DONOFRIO and STEVENS, JJ., concur.