457 P.2d 741

Nola **COUNTRYMAN**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

**Mike Macchiaroli and James Macchiaroli (James Macchiaroli Fruit Company), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 88.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 6, 1969.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Robert D. Steckner, Former Acting Chief Counsel, Michael A. Lasher, Jr., Chief Counsel, for respondent Industrial Commission of Arizona.

Chris T. Johnson, Phoenix, for respondent employer James Macchiaroli Fruit Co.

Robert K. Park, Chief Counsel, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

It should be noted at the outset that this appeal has had several procedural delays.

A long delay occurred when this Court took under advisement a motion to dismiss pending a decision of the Arizona Supreme Court in Cause No. 9303, Industrial Commission v. Cameron, 103 Ariz. 613, 447 P.2d 871, decided December 5, 1968. Meanwhile, this Court rendered a decision in the companion case of Continental Casualty Co. v. Industrial Commission, 8 Ariz.App. 289, 445 P.2d 846 (1968). The Arizona Supreme Court granted review and again we delayed decision herein because of the nature of questions involved in the two cases until after the Supreme Court's opinion which was rendered June 17, 1969, 104 Ariz. 499, 455 P.2d 977 (1969).

This is a writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona.

On April 25, 1964 Mrs. Nola Countryman was working as a fruit packer for James Macchiaroli Fruit Company when she injured her back while emptying a sack of grapefruit. Her claim was accepted by the Industrial Commission and benefits and compensation were paid. During the next few months she attempted to work off and on, but she complained that her back still bothered her and she saw several doctors. Then on May 17, 1965 a group of doctors held a consultation, reported that the patient's objective findings did not substantiate her subjective complaints, and recommended that she be discharged without any residual disability attributable to the April 25, 1964 injury. On June 11, 1965 the Industrial Commission issued its findings and award for temporary disability, reciting that "the medical evidence reflects that said applicant has no physical disability resulting from said accident. * * *" On June 18, 1965 a timely protest of the award was received by the Commission. This was followed by a petition for hearing dated July 8, 1965, and the matter properly remained open.

In the meantime, Mrs. Countryman reported that she again injured her back on July 2, 1965 while working for the same employer, and she submitted a new claim. Dr. Edward E. Conn, an orthopedic special-

ist who had been Mrs. Countryman's attending physician after the first injury, examined her on July 6, 1965 and recommended that she see Dr. George T. Hoffman, a neurosurgeon. The latter submitted a report to the Commission on August 2, 1965, recommending: "The patient's case should be kept open until such time as group consultation can be arranged, as I do believe this is a reaggravation of the prior condition."

Although the two claims were not consolidated, a common hearing was set for August 11, 1965. Dr. Hoffman did not testify. Dr. Conn testified that he agreed with Dr. Hoffman's recommendation that the case be kept open. It is clear from a reading of his testimony, however, that at the time he examined Mrs. Countryman on July 6, 1965, he still could find nothing to substantiate her subjective complaints and for that reason sent her to Dr. Hoffman. It is also clear that even at the time of the hearing his opinion was the same. He testified upon examination:

"Q  The last time that you examined Mrs. Countryman was either June 28th or thereabouts?

"A  July 6th.

"Q  From the physical findings at that time could you say whether or not she would be able to go back to packing crates?

"A  When I saw Nola Countryman the last time, there were no objective signs that would substantiate her complaints. She said—

\*  \*  \*  \*  \*  \*

"Q  After reading the report from Dr. Hoffman of July 21st (filed August 2), is there anything to make you believe that the situation is different now?

"A  I don't believe so."

The referee submitted his recommendation on the first claim and on November 2, 1965 the Industrial Commission issued its decision upon rehearing in which it affirmed the June 11, 1965 findings and

award. The second claim proceeded separately, complicated by the fact that at the time of the second claim the employer was covered by a private carrier rather than the Industrial Commission as in the first case, and its course is outlined in Continental Casualty Company v. Industrial Commission, supra, decided by the Supreme Court June 17, 1969. It is to be noted that this certiorari deals only with the above-mentioned decision of the Commission on November 2, 1965.

 After a lengthy, but necessary, review of the facts we find that the legal issues are less complicated. Mrs. Countryman, the petitioner, argues that Dr. Hoffman's recommendation was before the Industrial Commission at the time of the decision upon rehearing; that under the doctrine of Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61 (1968), such evidence should have been considered even though it was obtained after the original findings and award, and the failure of the Industrial Commission to fully investigate the recommendation constituted an abuse of discretion by the Industrial Commission. This argument must fail by a faulty premise. There is absolutely no evidence in the record that the Commission failed to consider Dr. Hoffman's recommendation. On the contrary, we note that the letter was referred to several times at the August 11 hearing, and that it was a part of the record at the time the Commission made its decision upon rehearing. It is presumed that the Commissioners did their duty and considered the evidence. Wilson v. Wilson, 1 Ariz.App. 77, 399 P.2d 698 (1965). Dr. Hoffman's letter was considered, weighed against Dr. Conn's testimony, and held to not be sufficient to alter the earlier award. At the least, Dr. Conn's testimony showed there was a conflict in the evidence. Where the evidence before the Commission is in conflict, the appellate court will not disturb its award. Bierman v. Magma Copper Co., 88 Ariz. 21, 352 P.2d 356 (1960).

The petitioner has also argued in her brief that certain evidence acquired af-

ter the August 11 hearing should be considered by this Court in reviewing the lawfulness of the award. The evidence, however, is not a part of this record.

Affirmed.

STEVENS and CAMERON, J., concur.