488 P.2d 488

Roscoe P. MULLINS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Pete King Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 448.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 13, 1971.

Gorey & Ely by Sherman R. Bendalin, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for Industrial Comm. of Ariz.

Robert K. Park, Chief Counsel, State Compensation Fund by Ronald M. Meitz, Phoenix, for State Compensation Fund and Pete King Corp.

EUBANK, Judge.

This case presents the question of whether an industrial claimant, who refuses to undergo exploratory surgery and who refuses or neglects to participate in a (work) rehabilitation program and who subsequently receives an award denying permanent compensation due primarily to his lack of cooperation, is entitled to have the award set aside because of an alleged subsequent ameliorative change of heart concerning the surgery and rehabilitation.

The petitioner, Roscoe P. Mullins, was injured on September 16, 1967, when he sustained an injury to the lower portion of his back in the course of his employment and under the Workmen's Compensation Act. His claim was accepted and a laminectomy was performed on January 11, 1968. Thereafter a group consultation board reviewed petitioner's injury and on October 16, 1968, they recommended that he undergo an exploration of the injured area by surgery to determine whether a spinal fusion was necessary. The petitioner refused to undergo the surgery and his physician discharged him with a 5% general disability with the suggestion that if he

should later request to reopen his case that he should get every consideration by the Commission. On November 6, 1968, the Commission entered an award, pending a determination of earning capacity, and instructed the petitioner to make a conscientious effort to secure employment. Mullins was referred to the Division of Vocational Rehabilitation for evaluation and work hardening process; however, he failed to report. The hearing to determine the loss of earning capacity was subsequently held on December 12, 1969, at which time petitioner, petitioner's physician and Mr. Robert O'Neill of the Division of Vocational Rehabilitation testified. The referee reported his findings on January 20, 1970, concluding: that the petitioner has sustained no loss of earning capacity; that he has declined surgery and rehabilitation, and that he has not made a sincere, honest or conscientious effort to secure work. On February 11, 1970, the petitioner petitioned, prior to the award, to reopen his claim, which was denied on February 19, 1970, for lack of accompanying medical evidence. The Commission entered its award on March 4, 1970, which substantially adopted the referee's report and terminated petitioner's disability benefits. Thereafter on March 19, 1970, the Commission received a physician's monthly report from petitioner's doctor which indicates that he examined Mullins on *January 30, 1970,* and that Mullins now desired to undergo the recommended surgery. Petitioner secured counsel subsequent to the March 4, 1970, award and is before this Court under our writ of certiorari.

At the outset we note that the only indication in the record that petitioner has had an ameliorative change is contained in his doctor's report of February 3, 1970, which was not received by the Commission until after the entry of its March 4, 1970, award. Outside of petitioner's doctor's report there is no evidence in the record, but the bare assertions in petitioner's brief, that he now is willing to cooperate with the Commission. Evidence not before the Commission nor considered by it cannot be considered by this Court on review. Countryman v. Industrial Commission, 10 Ariz. App. 201, 457 P.2d 741 (1969).

The petitioner contends that he is entitled to have his case "re-evaluated" by the Commission, based on his change of attitude, and cites Bierman v. Industrial Commission, 2 Ariz.App. 548, 410 P.2d 666 (1966), as his only authority. We disagree.

The injured employee's right to compensation is established by § 23–1021, A.R.S. This right is qualified, of course, by the requirement that the claimant comply with the requirements of the Workmen's Compensation Law and the rules of the Commission in order to obtain compensation. In a case where the claimant refuses to submit to a medical examination or to surgery, without a good reason, the Commission is authorized by § 23–1026, A.R.S. to suspend or reduce the compensation to such claimant. This procedure has been recognized as a valid sanction many times by our Supreme Court. See, for example, Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997 (1938), where the court held that since the burden of proof is upon the claimant to show that he is entitled to compensation, that unless the claimant can show that the surgery required and refused is unreasonable, the claimant cannot receive the benefits of the statute (23–1021). See also McFadden v. Six Companys, Inc., 46 Ariz. 195, 49 P.2d 1001 (1935), where the court held that the claimant's right to compensation can be suspended during the time he refuses to follow the medical advice. In Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949), the court said:

"The commission has the power to temporarily suspend compensation where the workman refuses to cooperate or neglects to comply with the reasonable requirements of the commission directing him to pursue some particular course of action recommended by the medical board, designed for his benefit. But upon his compliance therewith said com-

pensation must be restored if the suspension is based solely upon such failure or refusal of said workman to comply with the directions of the commission." (69 Ariz. at 180, 211 P.2d at 225).

*See also* Howe v. Douglas, 43 Ariz. 371, 31 P.2d 891 (1934).

■ The clear import of the above cited cases is that where a claimant refuses medical treatment and is denied compensation, he has the right to petition for reopening his claim. At that time he has the opportunity to present evidence of his willingness to comply with the medical advice offered. In the case at bar petitioner's medical benefits were terminated on November 11, 1968, because of his refusal to undergo the proposed surgery. In our opinion petitioner's remedy is clear: to petition to reopen the 1968 award.

Petitioner also claims that he has had a change of heart concerning his participation in the rehabilitation program and for this reason he should have his case "re-evaluated" by the Commission. This Court has sanctioned the temporary termination of compensation benefits of those claimants who unduly resist the efforts of the Commission, Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966); Bierman v. Industrial Commission, 2 Ariz.App. 548, 410 P.2d 666 (1966), as has our Supreme Court. *See* Chavarria v. Industrial Commission, 99 Ariz. 315, 409 P.2d 26 (1965). In the Bierman case we held that where a claimant petitions to reopen his claim, after he had refused to accept light work available and the claimant subsequent to the award has a change of heart, that his petition to reopen should be granted for purposes of re-evaluation by the Commission. There is a large distinction between the Bierman case and the instant case, however. In Bierman there was evidence before the Commission on the motion to reopen concerning the change of attitude, while in the case at bar as we have seen there is none.

The award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.