NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVE A. PIERCE, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ALLSTATE ENERGY, INC., *Respondent Employer,*

COPPERPOINT INDEMNITY INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 15-0045
FILED 3-17-2016

Appeal from the Superior Court in Maricopa County
ICA Claim No. 20142-130021
Carrier Claim No. 13101780
The Honorable Andrew Campbell, Administrative Law Judge

**AFFIRMED**

COUNSEL

Dave Pierce, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

CopperPoint Indemnity Insurance Company, Phoenix
By Deborah E. Mittelman
*Counsel for Respondents Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

**¶1**        David A. Pierce ("Pierce") challenges the administrative law judge's ("ALJ") award denying worker's compensation for his shoulder injury and decision upon review affirming the award.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        While working for Allstate Energy, Inc., as the job-site foreman of a crew responsible for installing the electrical system at an LDS Temple, Pierce slipped and fell down a stairwell.  Nearly a year after the incident, he filed a claim for compensation, claiming an injury to his left shoulder, but the carrier denied the claim.

**¶3**        Pierce subsequently requested a hearing with the Industrial Commission of Arizona.  The ALJ concluded that the claim was not compensable because there was no causal link between the fall and the alleged shoulder injury.  Pierce filed a request for review, and the ALJ affirmed the decision.  Pierce filed this special action pursuant to Rule 10 of the Rules of Procedure for Special Actions, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) and 23-951(A).[2]

---

[1] We view the evidence "in the light most favorable to upholding the award."  *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 464, ¶ 2, 167 P.3d 719, 721 (App. 2007) (citation omitted).

[2] We cite to the current version of the statute unless otherwise noted.

**DISCUSSION**

¶4　　　　　Arguing that "justice was not served," Pierce claims the administrative court erred, and submits evidence outside of the record to support his arguments. Article 18, Section 8 of the Arizona Constitution provides employees with worker's compensation for injuries from accidents arising "out of and in the course" of their employment that are "caused in whole, or in part" by a necessary risk or danger attributed to such employment. Ariz. Const. art. 18 § 8. But "[i]t is the claimant's burden" to prove he is entitled to compensation, *Keovorabouth v. Indus. Comm'n*, 222 Ariz. 378, 380, ¶ 7, 214 P.3d 1019, 1021 (App. 2009) (citation omitted), and he or she must prove it by a preponderance of the evidence,[3] *Hahn v. Indus. Comm'n*, 227 Ariz. 72, 74, ¶ 9, 252 P.3d 1036, 1038 (App. 2011) (citation omitted).

¶5　　　　　While we review questions of law de novo, we will defer to the ALJ's factual findings. *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 463-64, ¶ 2, 167 P.3d 719, 720-21 (App. 2007) (citation omitted). And we will not reverse unless the award is unsupported by any reasonable theory of evidence. *Wal-Mart v. Indus. Comm'n*, 183 Ariz. 145, 147, 901 P.2d 1175, 1177 (App. 1995).

**A. New Evidence**

¶6　　　　　As a preliminary matter, we note that Pierce asks us to consider evidence that is outside of the administrative record. Specifically, he asks us to review a polygraph test he took after the ruling. However, because "[t]his court is not the appropriate forum for resolving factual disputes," *Kessen v. Stewart*, 195 Ariz. 488, 495, ¶ 26, 990 P.2d 689, 696 (App. 1999), we will not consider the new evidence. *See id.* at 493, ¶ 19, 990 P.2d at 694 (noting that a party must "develop the factual record before the agency"); *Countryman v. Indus. Comm'n.*, 10 Ariz. App. 201, 203, 457 P.2d 741, 743 (1969) (refusing to consider evidence that was not part of the record).

---

[3] The ALJ stated in its findings that the applicant "must establish all material elements by a *reasonable* preponderance of the evidence." (Emphasis added). However, the correct legal standard is simply a "preponderance of the evidence." *Edmiston v. Indus. Comm'n*, 92 Ariz. 179, 182, 375 P.2d 377, 379 (1962).

**B. Sufficiency of the Evidence**

¶7        Pierce argues the administrative court erred in concluding that his claim was not compensable.  We disagree.

¶8        "To receive workers' compensation benefits, an injured employee must demonstrate both legal and medical causation." *Grammatico v. Indus. Comm'n*, 211 Ariz. 67, 71, ¶ 19, 117 P.3d 786, 790 (2005) (citation omitted).  While legal causation focuses on the elements of the claim, medical causation is established "by showing that the accident caused the injury." *Id.* at ¶¶ 19, 20.  And when the cause of the injury is not clearly apparent to a lay person, causation must be established by expert testimony and proven to a "reasonable degree of medical probability." *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343, ¶ 9, 275 P.3d 638, 642 (App. 2012) (citation omitted).  Medical opinion must be established based on findings of medical fact, and "these findings [typically] come from the claimant's history, medical records, diagnostic tests, and examinations." *T.M.W. Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, 47, ¶ 18, 6 P.3d 745, 751 (App. 2000).

¶9        Before the accident, Pierce was seeing a neurologist to treat his diabetes neuropathy, a condition that caused "tingling and numbness" in his legs, hands, and arms.  His neurologist discovered that Pierce had neck damage and referred him to Dr. Baranco, who performed surgery on Pierce's neck on September 25, just a week after the accident.  Although Pierce claims he started feeling pain on his left shoulder right after the accident, he did not seek treatment until after the neck surgery.[4]  Pierce had Dr. Mangan, an orthopedic surgeon, perform surgery on his shoulder in July 2014.

¶10        The only medical expert provided by Pierce at the hearing was his orthopedic surgeon.  When asked about Pierce's shoulder, the surgeon testified that Pierce's problems appeared to be "chronic," rather than acute.  Although he acknowledged there was a possibility that Pierce's shoulder pain was "industrial related," the surgeon added, "I don't have any other data preceding that outside of eight months of pain, and I would

---

[4] Pierce testified that he told his supervisor and Dr. Baranco, on the day of the accident, about his shoulder pain.  His supervisor, however, testified that after the fall, Pierce told him he was "fine" and the fall had been "no big deal."  And when Pierce went to visit Dr. Baranco later that day for his previously scheduled appointment in connection with his neck pain, the report made no mention of the fall or of any shoulder pain.

argue with [a] reasonable degree of medical certainty that it is more likely related to his underlying diabetes and thyroid disease than an injury." And at the end of direct examination, the following exchange took place:

> [PIERCE'S ATTORNEY]: Is there any condition, then, if you believe the history I gave you of the injury-producing event that to a reasonable degree of medical probability in your opinion would be related to the episode of 9-18 of 2013 where he allegedly fell down the staircases?
>
> [THE SURGEON]: Based on the information I have, no.

¶11        The respondents' medical expert was Dr. Bailie, a board-certified orthopedic surgeon who reviewed Pierce's medical records, which included MRIs, radiology reports, x-rays, and notes from other doctors about Pierce's medical history. After reviewing the records and performing an independent medical examination, Dr. Bailie concluded that "[b]ased on the totality of the documentation, I do not find that [Pierce's] shoulder diagnoses are related to the industrial injury in question," and instead attributed them to "preexisting calcific tendinitis" and other medical conditions. He added there was "nothing to suggest in the [medical] records that [Pierce's] need for surgery on the shoulder was in any way related to the industrial events in question."

¶12        The ALJ concluded there was no conflict in the medical evidence. He added that "no medical expert [had] offered testimony or documentary evidence supporting a causal connection between [Pierce's] reported shoulder injury and surgery to the alleged industrial injury." And because when "no conflict exists in the medical testimony, the ALJ is bound to accept it," we find that the evidence supported the ALJ's conclusions. *Hackworth*, 229 Ariz. at 343, ¶ 9, 275 P.3d at 642 (citation omitted).

¶13        Additionally, given the conflicting testimony about the events that immediately followed the accident, Pierce asserts that "all [his] testimony in the courtroom that day [was] true," that there was "nothing wrong" with his shoulder prior to the fall, and that he reported the incident to his supervisor immediately after the fall. We, however, do not reweigh the evidence because the "administrative law judge is the sole judge of witness credibility." *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551, 679 P.2d 571, 574 (App. 1984). And the ALJ did not specifically find that Pierce was

not credible.  But, more importantly, the resolution of the facts about what happened immediately after the accident was irrelevant to the ALJ's conclusion.

**¶14**　　　Although there was conflicting testimony about whether Pierce gave his supervisor immediate notice of the injury, timely filled out the proper paperwork, and immediately informed his doctors of the shoulder pain, the resolution of this case did not turn on those facts. Instead, the ALJ resolved the case on the absence of expert medical evidence linking the pain to the injury to a reasonable degree of medical probability.[5] As a result, we find no reversible error.

## CONCLUSION

**¶15**　　　Based on the foregoing, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[5] "The ALJ is not required to make findings on all issues raised in a case, as long as he resolves the ultimate issues." *Sun Valley Masonry, Inc.*, 216 Ariz. at 468, ¶ 27, 167 P.3d at 725.