[Civ. Nos. 24855, 24856.   Second Dist., Div. Two.   Feb. 8, 1961.]

ARGONAUT INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BUDDY D. SHELTON, Respondents.

(Two Cases.)

Herlihy & Herlihy for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

NOURSE, J. pro tem.*—Argonaut Insurance Company, as compensation carrier for an employer of one Shelton, seeks annulment of two decisions of the Industrial Accident Commission. The proceedings which resulted in the two awards under review here were, by the commission, consolidated for the purpose of hearing and disposition and we have consolidated them here for the purpose of decision.

### THE RELEVANT FACTS

The applicant sustained three industrial injuries: the first one on August 7, 1958; the second on November 25, 1958; and the third on June 17, 1959. At the time of the first two injuries applicant was employed by an employer for whom petitioner was the compensation carrier. He sustained the third injury while in the employ of a different employer for whom Industrial Indemnity Company was the compensation carrier.

Applicant filed separate applications for compensation benefits[1] as to each of the three injuries and as we have said, respondent commission consolidated all matters for the purpose of hearing and determination by the commission but after its final decision entered separate awards in each matter.

The applicant received medical care from petitioner for the first two injuries but he sustained very short periods of disability by reason of those injuries. The third injury resulted in prolonged disability and in a series of major surgical procedures which were performed by a surgeon of applicant's own choice.

After hearing, the *trial referee* on January 29, 1960, issued findings of fact and an award by which he determined in

---

*Assigned by Chairman of Judicial Council.

[1]Before the respondent commission these proceedings were designated by the following numbers respectively: Accident of 8-7-58, 59 SBR 2781; accident of 11-25-58, 59 SBR 3327; accident of 6-17-59, 59 SBR 2782.

essence that the employee's temporary disability which had followed the third injury, should be apportioned equally to each of the three injuries and that likewise one-third of the employee's medical and hospital expense and future medical treatment expense should be apportioned to each of the three injuries and by the awards petitioner was ordered to pay two-thirds of the disability indemnity and two-thirds of employee's self-incurred medical and hospital expense and two-thirds of any future medical expense.

Argonaut petitioned for reconsideration in proceedings Numbers 59 SBR 2781 and 59 SBR 3327. The commission granted this petition and of its own motion granted reconsideration of the award as to Industrial.

Upon reconsideration the commission set aside the findings of fact and awards made by the referee and found that the sole cause of employee's temporary disability and his need for the self-incurred and future medical treatment was the injury of June 17, 1959, and in proceeding Number 59 SBR 2782, entered its award placing the entire liability for disability indemnity, self-incurred medical and hospital expense and future medical treatment upon Industrial; and in proceedings Numbers 59 SBR 2781 and 59 SBR 3327 entered its award that applicant take nothing as against Argonaut. The decisions and awards just mentioned were filed on April 25, 1960. Industrial promptly petitioned for reconsideration. Although it is not clear from the record here, it is apparent that it addressed its petition for reconsideration to the award made against it in proceeding Number 59 SBR 2782. The commission on June 9, 1960, of its own motion granted reconsideration in the other two proceedings and on the same day entered its decision after reconsideration and findings of fact and awards.

By this decision on reconsideration, the commission determined that the temporary disability from which applicant was suffering was due entirely to the third accident and that Industrial should bear the full burden of the disability payments on account thereof. It determined, however, that the necessity for the self-incurred medical and hospital expense and any future medical expense was caused by injuries received in each of the three accidents and that therefore petitioner should bear two-thirds of those expenses and Industrial one-third. Pursuant to its decision it entered awards against petitioner in proceedings Numbers 59 SBR 2781 and 59 SBR 3327, requiring by each award that petitioner bear one-third of the applicant's self-incurred medical and hospital expense

and any future expense. It is these two awards that we have under review here.

Petitioner attacks the awards on three grounds: (1) The Industrial Accident Commission exceeded its powers in making a second decision after reconsideration of the same claim; (2) there is no substantial evidence to support the Industrial Accident Commission's finding that the employee's injuries in the first two accidents each caused one-third of his needs for medical treatment; (3) that the Industrial Accident Commission's award to applicant of expense incurred by him for self-procured medical treatment is not supported by substantial evidence insofar as it awards applicant reimbursement for expense incurred by him prior to October 1, 1959.

The commission did have power to grant the second reconsideration. The first point made by petitioner is wholly without merit. ■■ In the first place the three matters having been consolidated for hearing and disposition, Industrial was an adverse party to petitioner upon petitioner's application for reconsideration and when the commission, by its first decision upon reconsideration, imposed the entire obligation for compensation upon Industrial contrary to the original award, Industrial had the right to petition for reconsideration (*Goodrich* v. *Industrial Acc. Com.*, 22 Cal.2d 604, 611 [140 P.2d 405]) and as the three proceedings before the commission were interdependent, Industrial's application for reconsideration of the award placing the entire liability for compensation upon it, necessarily brought before the commission the awards in the other two consolidated proceedings. ■ In the second place the commission had the right to, as it did, grant reconsideration of its own decision in the two consolidated matters in which petitioner was the defendant. (Lab. Code, §§ 5911, 5900; *Argonaut Ins. Exchange* v. *Industrial Acc. Com.*, 49 Cal. 2d 706, 711 [321 P.2d 460].) The decision rendered by the commission on April 25, 1960, was the first decision made by the commission, as distinguished from the award made by the referee,[2] and it had the clear right at any time within 60 days after the entry of that decision to review it of its own motion. This is not a case, as claimed by petitioner, where the commission is exceeding its jurisdiction by attempting to change its decision after having exhausted its jurisdiction by once having reviewed its own decision.

---

[2] The commission having granted reconsideration, the findings and award of the referee were not the findings and award of the commission. (Lab. Code, § 115.)

■ As Industrial had the clear right to petition for reconsideration when, for the first time, the entire liability for compensation was placed upon it by the commission's award of April 25, 1960, the applicant's right to full compensation would have been defeated had the commission not granted reconsideration of the other two matters, for the result of the decision upon Industrial's petition was to relieve Industrial of the obligation to pay more than one-third of the self-incurred and future medical and hospital expenses and unless the awards that Argonaut pay nothing could likewise be reconsidered, applicant would be left to himself bear two-thirds of those expenses. No such anomalous situation is warranted by reason of or under the statute.

■ There was substantial evidence to support the awards apportioning medical and hospital expense. After review of the entire record we are convinced that there was substantial evidence to support the commission's finding that the condition which required operative procedures upon applicant's spine was due to the cumulative effect of the injuries received in the three industrial accidents in question.

We find no merit in petitioner's contention that because of certain inaccuracies in the histories given to Doctors Ballard and Adams as set forth in their reports, their opinions do not constitute substantial evidence to uphold the facts found by the commission. The reports of these physicians do show that the applicant, after each accident, complained of symptoms which were consistent with the conclusion that the condition which caused the surgery was the combined result of the three traumas. The testimony of the applicant as to his symptoms after the first two accidents and the evidence contained in the reports of all of the doctors except one, fully substantiate the conclusions reached by the commission.

The third point made by petitioner as set forth above is so totally lacking in merit that it may be termed frivolous.

Petitioner tacitly admits that, as of October 1, 1959, it had notice of the injuries received by applicant in June of that year; that it thereafter had the opportunity but refused to furnish further medical treatment to the applicant and it makes no complaint of the award to applicant of reimbursement for medical treatment procured by him after October 1st. The only medical treatment for which applicant was awarded reimbursement by the findings of fact and award filed by the commission on June 9, 1960 (the final award) was that furished by Dr. Ballard and the San Bernardino Community Hos-

pital. All of this treatment was furnished after October 1st. There is, therefore, no factual basis for petitioner's contention.

The award is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Applications for a rehearing were denied March 6, 1961, and petitioner's applications for a hearing by the Supreme Court were denied April 4, 1961.