■ In the Matter of the Claim of VERNON E. LAWTON, Respondent, v. GENERAL MOTORS CORPORATION, CHEVROLET-TONAWANDA DIVISION, Appellant, and SIMONDS SAW & STEEL COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court, handed down March 21, 1961 (*ante,* p. 587), amended to read as follows: Appeal by General Motors Corporation from a decision and award of the Workmen's Compensation Board. In 1950 claimant was injured while in the employ of appellant General Motors Corporation. He suffered a herniated vertebral disc which was surgically removed on July 13, 1950, and a spinal fusion effected between the fifth lumbar vertebra and the first sacral vertebra. On June 1, 1952 a lump sum settlement of claimant's permanent partial disability was approved by the Workmen's Compensation Board for $3,000 and the case closed. On March 8, 1956 while working for the Simonds Saw & Steel Company, claimant suffered a further injury to his back. A physician was of the opinion that there was possibly a new ruptured disc at the interspace between the fourth and fifth lumbar vertebrae on the left side. When surgery was instituted, however, no further rupture was found, but a considerable amount of dense scar tissue was observed in the area in which the rupture had been suspected, i.e., between the fourth and fifth lumbar vertebrae, together with adhesions of the fifth lumbar nerve route. This was an area of the spine directly adjoining the site of the previous operation. The surgeon, a witness called by the appellant, testified: "There was a considerable amount of dense scar formation between the lamina, that's part of the vertebra, and the fourth lumbar vertebra and the spinal fusion area." He said that after he had cleaned this up he "proceeded with [a] continuation of the stabilization" from the fourth lumbar vertebra "to the previously performed spinal fusion." This stabilization was a further fusion. He expressed the opinion that the adhesions and scar tissue removed in the further surgery of 1956 were residual effects of the earlier surgery and played a major role in claimant's disability. The board reopened the lump sum award of 1952 and charged 50% of the disability following the 1956 operation to each employer. Appellant argues on appeal there is no legal basis for reopening the lump sum award. The test of the board's power in this area is the language of subdivision 5-b of section 15 of the Workmen's Compensation Law, which provides that a case closed on a lump sum may be reopened upon proof "that there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment." It is clear that at the time of the lump sum settlement the extent of the scar tissue near the site of the fusion, and directly caused by the surgery which resulted in the fusion was not known, or so the board could readily find on this record. It was proper, therefore, for the board to find that there has

been a change in the degree of disability, and that this had not been found " and, therefore, not contemplated" at the time of the lump sum settlement. The record before us presents a classic case of the kind of situation which the Legislature had in mind in authorizing the opening of a lump sum settlement. Cases cited by appellant, such as *Matter of Primus* v. *Continental Forge & Tool Co.* (7 A D 2d 178) and *Matter of Shafaransky* v. *Cosmos Footwear Corp.* (277 App. Div. 803) are cases in which it ought not to have been found, and was not found, that the earlier condition had changed or had not been fully apprehended medically when the lump sum settlement was made. Those cases are not in point in this controversy. The board was justified on this record in reopening the lump sum adjustment. Decision and award unanimously affirmed, with costs to respondents, Simonds Saw & Steel Company and its carrier against appellant.