445 P.2d 178

John A. **COLASACCO**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona and Phoenix Newspapers, Inc., Respondents.

No. I CA–IC 173.

Court of Appeals of Arizona.

Sept. 19, 1968.

Rehearing Denied Oct. 17, 1968.

Review Denied Nov. 19, 1968.

Donald J. Morgan, Phoenix, for petitioner.

Robert D. Steckner, Phoenix, Chief Counsel, by Donald L. Cross, Phoenix, for respondent, The Industrial Commission.

DONOFRIO, Judge.

This is a writ of certiorari to review the lawfulness of the findings, awards and order of the Industrial Commission of Arizona denying the reopening of claim. The finding of the Commission was that petitioner does not have any new, additional or previously undiscovered disability applicable to his injury of August 31, 1964.

On August 31, 1964, petitioner slipped and injured himself while working for Phoenix Newspapers, Inc. There appears to be no disagreement as to the fact that the accident resulted in an injury arising out of and in the course of his employment and was not self-inflicted. Initial medical treatment was rendered by Mr. Colasacco's family physician. Later, petitioner was hospitalized and Dr. Ray Fife, an orthopedic surgeon, was called in for consultation. It was the consensus of medical opinion that Mr. Colasacco had difficulty with his back, that there was some nerve root involvement, and possibly a herniated disc.

Dr. Fife's treatment consisted of various exercises to be performed by the patient. The testimony of Mr. Colasacco and Dr. Fife differ at this point. The doctor says that his patient did the exercises in front of him and was never reluctant to tell of his general symptoms, and that the patient never complained of chest pains or anything raising a suspicion of cardiac involvement. Mr. Colasacco testified that he did relate to Dr. Fife that he was having chest pains and vomiting and Dr. Fife prescribed some tranquilizers. Dr. Fife did testify that Colasacco was somewhat reluctant to do the exercises. During this time, petitioner often complained to his family physician of pain and sweating while doing the physical therapy. It was after the Finding and Award of No Physical Disability by the Industrial Commission on May 14, 1965, that it was discovered the petitioner had angina. These cardiac problems prevent the petitioner from doing the prescribed exercises, and make any operation inadvisable.

Petitioner's position appears to present two questions. First, was the angina caused by the industrial accident? Second, was the cardiac problem, discovered after the Finding and Award for Temporary Disability, a "new, additional or previously undiscovered disability" which would require a reopening or readjustment of the claim under Rule 46 of the Rules and Regulations of the Industrial Commission?

"Angina is caused by a temporary inability of coronary arteries to supply oxygenated blood to the heart." Merck Manual, 11th Edition (1966), page 122. Pain in the chest is the outstanding clinical manifestation, but other symptoms are faintness, dizziness and digestive disturbances. Merck Manual, 11th Edition (1966), page 123. The petitioner experienced all of these, and his doctors unequivocally testified that the petitioner had angina.

Even though the claimant may have been predisposed to cardiac problems, the fact that the accident made the cardiovascular problems manifest is sufficient to establish that the accident is the legal cause of the cardiac disability. If, for example, the angina of Mr. Colasacco was present but would not have interfered with his daily routine but for a compensable in-

dustrial accident, then the compensable injury includes the heart infirmity. Under Arizona Workmen's Compensation Law, the accident could be considered the legal cause of the heart condition. However, medical testimony clearly shows that the slip and fall of Mr. Colasacco did not result in any heart damage or cause the manifestation of any preexisting heart condition.

In a report marked "Received December 28, 1966", Doctors Cohen, Hyman, and Green concurred that although the patient found it difficult to perform his orthopedic exercises, they in no way worsened the underlying cardiac problem. "His cardiovascular problems are not felt to be an industrial liability".

Dr. John F. Currin, an internal medicine specialist, testified that the attacks of angina were not caused by the exercise. It was just coincidental that in the course of the disease they chose to give him his exercises. Dr. Robert Nenad, a cardiologist, testified that the activities of daily living would have brought on the angina. He also pointed out, taking into consideration the patient's history of hypertension and obesity, that it was his medical opinion that the injury and resulting treatment had no effect on the underlying coronary condition.

This Court is in agreement with the report of the Industrial Commission Referee which concluded that the cardiovascular problems of Mr. Colasacco were not in fact an industrial disability and not compensable as such.

The petitioner's other argument is that the doctors did not know of the underlying cardiac condition, and thus claimant's nonperformance of the prescribed exercises was not because of his antagonism, laziness, or low threshold of pain, but rather the result of his physical inability to perform. This physical inability was not discovered until after the award. The Commission could not have considered this when they made their findings and award.

Dr. Currin and Dr. Nenad agree that the petitioner probably had the cardiovascular problem before the accident. The angina precluded the petitioner from adequately performing the exercises required of him. His present heart condition now makes an operation inadvisable and there is evidence that an operation, if possible, would not contribute to his welfare or rehabilitation.

■ This Court holds that if an employee is injured, and the injury arises out of or in the course of his employment, and is not self-inflicted, such injury is compensable under Arizona Workmen's Compensation Law, even though because of a preexisting infirmity the employee is unable to endure the required treatment. We feel that the employer and the Commission must take the employee as they find him, and any preexisting infirmity which may aggravate a compensable injury should be considered in determining compensation. A case similar to this one, Corrier v. Industrial Commission, 3 Ariz.App. 39, 411 P.2d 462 (1966), was a situation where the workman, suffering from a hernia made inoperable due to a previous cardiac problem, was entitled to be treated as having an unscheduled disability.

Gullick v. Industrial Commission, 94 Ariz. 237, 240, 383 P.2d 123, 125 (1963), found the Supreme Court stating:

"* * * When an injury caused by accident attributable to the employment aggravates a pre-existing physical condition or in combination with the pre-existing condition produces an injurious effect, the resulting medical, surgical and hospital or other treatment is compensable."

In Tatman v. Provincial Homes, 94 Ariz. 165, 168, 382 P.2d 573, 575 (1963), quoting from Murray v. Industrial Commission, 87 Ariz. 190, 199, 349 P.2d 627, 633 (1960), it was pointed out that:

"* * * [I]n the field of Workmen's Compensation, the employer takes his employee as he is. * * * [I]f an injury, operating on an existing bodily

condition or predisposition, produces a further injurious result, that result is caused by the injury."

In the Referee's Report he sets forth the evidence, and from the evidence he concludes that the applicant has completely failed to sustain his burden of proving that the disabling heart condition from which he suffers is causally related to his back injury of August 31, 1964, or the treatment therefor. We agree with this, but we think the Referee ignored the other aspects of the appellant's case. There is no determination as to the permanency of the injury now that it is known that Mr. Colasacco is physically precluded from doing the exercises. This new evidence as to why the employee could not endure the required treatment was not discussed by the Referee in this matter. He limited his basis for conclusion and recommendation solely upon the failure of the injured workman to causally relate his heart condition to his back injury. The causation of the angina was in issue and the Referee found that it was not industrially caused. The Referee did not pass upon the question as to whether the newly discovered preexisting heart condition aggravated the compensable injury, whether it precluded the claimant's recovery altogether, or whether it had nothing at all to do with his recovery.

Looking through the transcripts on our own, we could find nothing to indicate that the back would heal without the prescribed exercise. We could find nothing in the briefs to aid us in determining whether the back sprain is a temporary or permanent disability if the exercises are not done. This newly discovered evidence that petitioner had a cardiovascular problem which precluded him from treatment should have been considered by the commission in determining whether or not the petitioner was temporarily or permanently disabled, and the extent of his disability.

This new evidence requires that the Industrial Commission have a rehearing, not on the issue of the causation of the heart condition, but rather on the extent of disability resulting from petitioner's slip and fall, taking into account the existence of angina.

Award set aside.

CAMERON, C. J., concurs.

STEVENS, Judge (dissenting).

In my opinion the award should be affirmed. The award allowing no compensation for the back injury became final. The medical evidence, in my opinion, supports a finding that the angina was neither caused by nor aggravated by the industrial injury or by the treatment (exercises) prescribed for the industrial injury.