445 P2d 846

CONTINENTAL CASUALTY COMPANY,
James Macchiaroli Fruit Com-
pany, Petitioners,

v.

INDUSTRIAL COMMISSION of Arizona;
Nola Countryman, John Ahearn, C. Law-
rence Huerta and Frank G. Murphy, Re-
spondents.

No. 1 CA–IC 171.

Court of Appeals of Arizona.

Oct. 2, 1968.

Rehearing Denied Jan. 14, 1969.
Review Granted Feb. 11, 1969.

McGillicuddy, Johnson, Rich & Robbins,
by Chris T. Johnson, Phoenix, for petition-
ers.

Robert K. Park, Former Chief Counsel,
Robert D. Steckner, Chief Counsel, Phoe-
nix, for respondent The Industrial Com-
mission.

Stephen S. Gorey, Phoenix, for respond-
ent Nola Countryman.

DONOFRIO, Judge.

Mrs. Nola Countryman, a fruit packer,
suffered a back injury on April 25, 1964.
At that time her employer, James Macchia-
roli Fruit Company, was insured by the
Arizona Industrial Commission. Her
claim was accepted and compensation bene-
fits paid until the case was closed by a
Findings and Award for Temporary Dis-
ability. Nola Countryman began working
again for the same employer. On July 2,
1965, she reached backward for some fruit
and her back "snapped" and she felt severe
pain. The compensation carrier covering
the July 2 incident was the petitioner, Con-
tinental Casualty Company. From a Deci-
sion Upon Rehearing accepting the second
claim as a new accident and awarding ben-
efits to Nola Countryman the Continental
Casualty Company has taken this appeal.

The petitioner Continental Casualty
Company feels that if the cause of the re-
currence of the injury while under a dif-
ferent insurer was the original prior inju-
ry, then the first insurer—in this case the

Industrial Commission—is the insurer of the entire liability. It relies mainly on the case of Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960). In that case it was stated:

"* * * [T]he injury resulting from this accident was the event which, in a natural and continuous sequence, unbroken by any efficient intervening cause, acting upon the particular personality configuration of this individual, produced the hysteria, and without which this particular hysteria would not have occurred. By definition, that is proximate cause. The injury need not be the sole cause of disability, if it is a producing cause." Page 199, 349 P.2d page 633

The respondent Industrial Commission also relies on Murray v. Industrial Commission, supra, to support its position that petitioner as the second insurance carrier must assume total liability.

"* * * [I]n the field of Workmen's Compensation, the employer takes his employee as he is. In legal contemplation, if an injury, operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury." Page 199, 349 P.2d page 633

■    There appears to be little argument that in Arizona an insurer is liable if it can be shown that the injury during employment contributed to or accelerated a resulting disability regardless of preexisting physical conditions. Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963); Mead v. American Smelting & Refining Company, 90 Ariz. 32, 363 P.2d 930 (1961); Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960); Colasacco v. Industrial Commission, 8 Ariz. App. 230, 445 P.2d 178 (filed September 1968).

We have studied respondent's position and are of the opinion it is mistaken in its application of the rule espoused in Murray, Tatman, Revles, etc. All of these cases apply to the situation where the preexisting condition is not employment caused.

Nor was the preexisting condition a result of activity covered under the Workmen's Compensation Law of Arizona. This distinction is significant and destroys the basis of the Commission's argument.

■    Granted the general rule is that which is pointed out by the respondent:

"When a disability develops * * * as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation." 2 Larson's Workmen's Compensation Laws. Sec. 95.00, page 471

Our statutes, however, suggest that an apportionment between insurers is required if such apportionment is practicable. A.R.S. § 23–1044, subsec. D requires consideration to be given "to any previous disability, the occupational history of the injured employee, the nature and extent of the physical disability * * *".

A.R.S. § 23–1044, subsec. E requires:

"In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

A.R.S. § 23–1065, subsec. A(5) states: "* * * employee who suffers from a pre-existing disabling condition * * * and who thereafter sustains an injury by accident arising out of and in the course of his employment within the meaning of § 23–1044, which subsequent accident has aggravated the previous condition, shall receive such benefits as provided in § 23–1044 * * * provided the combined disabilities total forty per cent or more general physical functional disablement."

A.R.S. § 23–1065 permits full recovery for a second injury up to the limits set in A.R.S. § 23–1044, subsec. E. A.R.S. § 23–

1044, subsec. E requires a deduction of previous disability. This cannot mean that the insured worker is to get nothing for his previous disability. And it appears to be too unfair a result to permit a previous insurer to be completely relieved of his liability upon the unfortunate happening of another accident.

The harsh outcome of the general rule set forth in Larson's treatise requiring the entire cost of a series of injuries to be assumed by a single insurer has been tempered in several jurisdictions. In New York an employee had a herniated disc injury that was corrected by an operation. Later, while working for a second employer, the claimant suffered another herniated disc injury. It was then discovered that a residual effect of the original surgery was the major cause of the present disability. The court affirmed a reopening of the settlement of the first claim and apportioned disability to each employer. Lawton v. General Motors Corporation, 13 A.D.2d 587, 212 N.Y.S.2d 906 (1961).

California also permits apportionment of compensability. In Argonaut Insurance Co. v. Industrial Accident Commission, 189 Cal.App.2d 23, 10 Cal.Rptr. 745, 26 Cal. Comp. 40 (1961) three successive spinal injuries were proportionately charged to two employers. A more recent California case, Fred Gledhill Chevrolet v. Industrial Accident Commission, 62 Cal.2d 59, 41 Cal. Rptr. 170, 396 P.2d 586, 29 Cal.Comp. 263 (1964) in dicta stated that it would permit apportionment for permanent disability. It should be mentioned that 45 West's Annotated California Labor Code, Section 5500.-5 expressly permits apportionment for occupational diseases only. The California courts, regardless of the absence of express legislative consent, permit apportionment for occupational injuries other than disease.

■ There appears to be conflicting evidence as to what accident caused the ultimate injury. From the respondent's brief, it appears that the Industrial Commission was under the illusion that it was not permitted to apportion the compensation between the insurers.

The Court of Appeals is permitted only to affirm or set aside an award of the Industrial Commission. This Court is setting aside this award. As to the question involved, it permits the Industrial Commission to determine whether there was in fact an injury for which compensation could be apportioned between the insurers.

Award set aside.

CAMERON, C. J., and STEVENS, J., concur.