484 P.2d 34

John A. COLASACCO, Petitioner,
v.
The INDUSTRIAL COMMISSION of Arizona, Respondent,

Phoenix Newspapers, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

I CA–IC 450.

Court of Appeals of Arizona, Division 1, Department B.

April 22, 1971.

Rehearing Denied May 28, 1971.

Review Denied June 22, 1971.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Ronald M. Meitz, Phoenix, for respondent carrier, State Compensation Fund.

JACOBSON, Presiding Judge.

The only issue on review of this award of The Industrial Commission is whether it is sustainable under the evidence presented.

This is the second appellate review of this case. *See* Colasacco v. Industrial Commission, 8 Ariz.App. 230, 445 P.2d 178 (1968). The history and background of this case have been adequately covered in the prior opinion and need not be repeated here other than to mention that the petitioner complains of back problems aggravated by a cardiac condition and that on May 14, 1965, the Commission entered its award finding no permanent disability to petitioner associated with his industrial slip-and-fall injury, which award became final.

The subject of both the previous decision and the present one, is a petition to reopen based upon a previously undiscovered or new disability. In the prior opinion the Court held that petitioner's present cardiac condition was not related to his industrial accident, however, a majority of the Court was of the opinion that the evidence did not reveal nor did the Commission consider the effect the cardiac condition had on petitioner's ability to perform exercises and thereby correct his back problem. As was stated in the previous opinion:

"Looking through the transcripts on our own, we could find nothing to indicate that the back would heal without the prescribed exercise. We could find nothing in the briefs to aid us in determining whether the back sprain is a temporary or permanent disability if the exercises are not done. This newly discovered evidence that petitioner had a cardiovascular problem which precluded him from treatment should have been considered by the commission in determining whether or not the petitioner was temporarily or permanently disabled, and the extent of his disability." 8 Ariz.App. at 233, 445 P.2d at 181.

On remand, an additional hearing was held to find a medical answer to the factual question of whether the cardiac condition affected the back recovery. Dr. Fife, petitioner's attending physician, supplied the answer:

"Q: If you are dealing with a soft tissue problem and five years have passed, notwithstanding limitations imposed on Mr. Colasacco's activities because of his cardiac condition, would you have reasonably expected to have these things heal themselves by this time?

"A: The injury would have healed, yes, sir, the soft tissue injury."

Based upon this and like testimony the Commission entered its order denying the petition to reopen. On this review, petitioner seemed to complain that he still has a back problem and feels, therefore, that he is entitled to compensation. First, a res judicata award of the Commission determined that plaintiff suffered no disability. We are unable to set aside or touch that award. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969). Second, the only new evidence which could reopen that previous award was a cardiac condition which on hearing was found to have no effect on the industrial injury. Thus, there was sufficient evidence before the Commission to justify its denial of the petition to reopen.

Award affirmed.

HAIRE and EUBANK, JJ., concur.