Filed 11/18/13  San Diego Unified School Dist. v. WCAB CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED SCHOOL DISTRICT et al., <br><br> Petitioners, <br><br> v. <br><br> WORKERS' COMPENSATION APPEALS BOARD et al., <br><br> Respondents. | D063602 <br><br><br> WCAB Case No. SDO 0285383 <br> (SDO 0285383) |

Petition for writ of review of a decision of the Workers' Compensation Appeals Board.  Affirmed.

Michael Sullivan & Associates and Rosa Williams for Petitioners.

Neil P. Sullivan and James T. Losee for Respondent Workers' Compensation Appeals Board.

Procopio, Cory, Hargreaves & Savitch LLP, Anthony J. Dain and Brian J. Kennedy for Respondent Point Loma Surgical Center, L.P.

San Diego Unified School District and its claims administrator, York Risk Services Group, Inc. (together the District), petition for a writ of review after the Workers' Compensation Appeals Board (the Board) granted reconsideration and affirmed a decision of the workers' compensation administrative law judge (the WCJ) in favor of lien claimant Point Loma Surgical Center, L.P. (Point Loma). The District contends (1) substantial evidence does not support the Board's determination of the reasonable value of the medical services Point Loma provided to an injured District employee; and (2) the Board erroneously granted Point Loma pre-award interest on the amount of the services for which the District refused to pay, because the statute and regulations authorizing interest that were in effect when payment for the services became due have since been repealed. We reject the first contention, conclude the District waived the second, and therefore affirm the Board's decision.

FACTUAL AND PROCEDURAL BACKGROUND

James Findlay was employed by the District when he sustained a work-related injury to his thoracic and lumbar spine. In 2002, a physician working at Point Loma gave Findlay three epidural injections. Point Loma billed the District $5,980 for these injections, but the District paid only $779.88.

Point Loma filed with the Board a notice and request for allowance of lien in the amount of $5,200.12, the balance due on the bill for Findlay's epidural injections. Point Loma and the District proceeded to a hearing before the WCJ to determine the reasonable value of the injections.

2

At the administrative hearing, Point Loma introduced a document summarizing amounts charged and paid in 2002 for epidural injections by hospitals and surgery centers in the Los Angeles area, which showed the average payment amount was $3,877.74. The District also introduced a document listing amounts billed and paid for epidural injections by other facilities, and called Andy Beltowski, a director of claims resolution for WellComp Managed Care Services (WellComp), to testify as an expert about the reasonable value of such injections. The billed amounts in the District's prepared summary ranged from $500 to $2,500, but actual bills submitted by the District ranged from $1,100 to $2,500, and Beltowski testified he "has seen bills in the $3,000 to $4,000 range." Beltowski explained that WellComp calculated the amount it paid for an outpatient epidural injection by multiplying the amount listed in Medicare's ambulatory surgery center schedule by 2.5 and then rounding up to the nearest $100. He further explained that when multiple epidural injections are given at the same time, the first injection is paid at 100 percent of the base charge, and subsequent injections are paid at 50 percent. Using this methodology and the fact that Medicare paid $323 for an epidural injection in 2002, Beltowski testified that WellComp would have paid a total of $1,800 for the three injections Findlay received.

Based on the evidence introduced at the hearing, the WCJ found that $1,650 was the reasonable value of an epidural injection. The WCJ then used the methodology proposed by Beltowski and awarded Point Loma $3,300, less the $779.88 the District previously paid, for the three injections given to Findlay. The WCJ also awarded Point Loma statutory penalties and pre-award interest under Labor Code section 4603.2.

3

The District petitioned the Board for reconsideration of the WCJ's award on the grounds that the amount awarded for the epidural injections was not supported by the evidence, and penalties and pre-award interest should not have been awarded because Point Loma's lien claim was not properly documented. The WCJ filed a report recommending that reconsideration be granted on the award of statutory penalties, because when Findlay received his epidural injections "there [was] no pre-determined rate which could trigger the imposition of a pre-award penalty." (See Lab. Code, § 4603.2, subd. (b)(2) [authorizing 15 percent penalty when employer does not timely pay properly documented claim for service charged at rate on official medical fee schedule].) The WCJ also recommended that reconsideration be denied on the District's evidentiary claim and on the award of interest, which the WCJ stated was due under statutory and regulatory provisions quoted in footnote 1, *post*. Adopting the WCJ's recommendations, the Board granted reconsideration to eliminate the award of penalties from the WCJ's award and otherwise affirmed the award.

## DISCUSSION

A.  *Substantial Evidence Supports the Board's Finding as to the Reasonable Value of the Epidural Injections*

The District complains substantial evidence does not support the Board's finding of the reasonable value of the epidural injections Findlay received at Point Loma because the Board "arrived at a sum independent of amounts proposed by either [party]," even though the District introduced "overwhelming evidence showing an amount above $1,800

4

is unreasonable" and Point Loma failed to prove its charges were reasonable. We disagree.

"The [B]oard's findings on factual questions are conclusive if supported by substantial evidence." (*Braewood Convalescent Hospital v. Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 164.) The term "substantial evidence" means evidence that is reasonable in nature, credible, and of solid value and that a rational person might accept as sufficient to support a conclusion. (*Ibid.*; *County of Kern v. Workers' Comp. Appeals Bd.* (2011) 200 Cal.App.4th 509, 516.) In determining whether substantial evidence supports the Board's factual findings, we must consider the entire record. (*LeVesque v. Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637; *County of Kern*, at pp. 516-517.)

The evidence introduced at the hearing was sufficient to support the Board's finding as to the reasonable value of Findlay's epidural injections. In determining the reasonable value of services, the trier of fact is not required to choose the figure proposed by either party or "adopt exactly the view of any expert witness as to value. The trier of fact may accept the evidence of any one expert or choose a figure between them based on all of the evidence." (*Liberty Mut. Ins. Co. v. Industrial Acc. Com.* (1948) 33 Cal.2d 89, 94.) Here, Point Loma did not submit any expert testimony as to reasonable value in support of its lien claim. Instead, it submitted its bill in the full amount of $5,980 and documentary evidence that the average amount Los Angeles area hospitals accepted as payment for an epidural injection was $3,877.74, which the WCJ noted was "within range of [Beltowski's] analysis for inpatient procedures in San Diego." In opposition to Point Loma's claim, Beltowski, the District's expert witness, testified the reasonable value

5

of an epidural injection was $900, and the reasonable value of three injections given on the same occasion was $1,800 — $900 for the first one plus 50 percent of $900 (i.e., $450) for each of the other two.  Beltowski admitted, however, that he had seen bills for epidural injections ranging from $1,100 to $4,000, and documents introduced by the District contained actual bills ranging from $1,200 to $2,500.  Thus, based on the entire record, the Board could find that $1,650 (a figure within the range acknowledged by Beltowski) was the reasonable value of an epidural injection, and then use Beltowski's proposed methodology to calculate the reasonable value of the three injections given to Findlay on the same occasion as $3,300.  (See *ibid.*)

B.      *The District Waived Its Contention That the Board Erroneously Awarded Point Loma Pre-Award Interest*

The District contends the Board erred by awarding Point Loma interest on the unpaid amount of Findlay's bill retroactive to the date payment was due.  The District acknowledges that under statutory and regulatory provisions in effect when Findlay's bill became due, the Board could award interest on contested amounts retroactive to the date payment became due.[1]  The District argues, however, that the subsequent repeal of these

---

1      In 2002, Labor Code section 4603.2, former subdivision (b) provided:  "If an employer contests all or part of a billing, any amount determined payable by the appeals board shall carry interest from the date the amount was due until it is paid."  (Stats. 1990, ch. 770, § 3, p. 3471.)  This language was repealed in 2006.  (See Stats. 2006, ch. 69, § 24, pp. 1120-1121.)

In 2002, a related regulation provided:  "Any contested charge for medical treatment provided or authorized by the treating physician which is determined by the appeals board to be payable shall carry interest at the same rate as judgments in civil actions from the date the amount was due until it is paid."  (Cal. Code Regs., tit. 8, § 9792.5, former subd. (f); see Register 2002, No. 24.)  This language was deleted from the regulation in 2011.  (See Cal. Code Regs., tit. 8, § 9792.5; Register 2011, No. 16.)

provisions deprived the Board of the power to award interest on an amount it determined to be payable. As we shall explain, this argument is deemed waived because it was not presented to the Board.

Under Labor Code section 5904, "The petitioner for reconsideration shall be deemed to have finally waived all objections, irregularities, *and illegalities* concerning the matter upon which the reconsideration is sought other than those set forth in the petition for reconsideration." (Italics added.) "The policy motivating that section is to give the appeals board an opportunity to rectify its referees' errors." (*U.S. Auto Stores v. Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 477 (*U.S. Auto Stores*).) In its petition for reconsideration before the Board, the District challenged the award of interest on *factual* grounds, namely, that Point Loma had "failed to satisfy its burden of proving it submitted a 'properly documented' lien and failed to satisfy its burden of proving that [the District] failed to object or pay timely." The District did *not* challenge the award of interest before the Board on the *legal* grounds that it raised in its petition for writ of review before this court, namely, that the Board "acted without or in excess of its powers when it determined it had the discretion to order [the District] to pay interest based on repealed regulatory language." (Capitalization omitted.) Such "[l]egal arguments omitted from the petition for reconsideration before the [Board] and raised for the first

---

For services rendered prior to January 1, 2004, the regulation now provides: "(1) Claims administrators shall pay any uncontested amount within sixty days after receipt of the bill, and [¶] (2) Any amount not contested within the thirty working days or not paid within the sixty day period shall be increased 10% and shall carry interest at the same rate as judgments in civil actions retroactive to the date of receipt of the bill." (Cal. Code Regs., tit. 8, § 9792.5, subd. (e).)

time on review are waived under section 5904 and *Heath v. Workmen's Comp. App. Bd.* (1967) 254 Cal.App.2d 235." (*Green v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 1426, 1446, fn. omitted; see also *U.S. Auto Stores*, at p. 477 [legal issue raised in statement of facts but not discussed in argument was waived]; *Fireman's Fund Ins. Co. v. Workers' Comp. Appeals Bd.* (2010) 189 Cal.App.4th 101, 109, fn. 2 [argument specific statute relieved insurer of joint and several liability was waived even though liability issue was generally raised]; *Heath*, at pp. 238-239 [argument apportionment of permanent disability was not supported by physician's erroneous medical history was waived even though issue of apportionment was generally raised].)

The District contends there was no waiver because it did not learn of the specific basis of the award of interest until the WCJ issued her report on the petition for reconsideration. We disagree. In a report issued November 7, 2012, the WCJ stated interest on the amount determined to be payable was due under Labor Code section 4603.2 and California Code of Regulations, title 8, section 9792.5, subdivision (f). The Board did not issue its decision on the District's petition for reconsideration until February 1, 2013. The District thus had nearly three months to request permission to file a supplemental petition to alert the WCJ to any error she might have committed by relying on repealed statutory and regulatory provisions. (See Cal. Code Regs., tit. 8, § 10848.) The District also could have raised the repeal issue in a petition for reconsideration of the Board's decision. (See Lab. Code, § 5911; *Argonaut Ins. Co. v. Industrial Acc. Com.* (1961) 189 Cal.App.2d 23, 27.) Having thus failed "to give the [B]oard an opportunity to rectify [any] errors" (*U.S. Auto Stores*, *supra*, 4 Cal.3d

8

at p. 477), the District "shall be deemed to have finally waived all objections, irregularities, *and illegalities* concerning the [award of interest]" (Lab. Code, § 5904, italics added).

The District's related contention that Point Loma did not satisfy its burden of proving it was owed interest also has no merit. Under the regulation cited by the WCJ as authorizing the award of interest, "Any *contested charge* for medical treatment provided or authorized by the treating physician which is *determined by the appeals board to be payable* shall carry interest at the same rate as judgments in civil actions from the date the amount was due until it is paid." (Cal. Code Regs., tit. 8, § 9792.5, former subd. (f), italics added; see fn. 1, *ante*.) The "contested charge" was established at the administrative hearing by Point Loma's submission of the physician's report describing Findlay's epidural injections, its submission of the $5,980 bill for those injections, and the parties' stipulation that the District had paid only $779.88 for them. Of the contested amount, the Board affirmed the WCJ's determination, based on the evidence submitted by the parties at the administrative hearing, that $2,520.12 was payable. Accordingly, Point Loma was entitled to pre-award interest on that amount under the regulation cited by the WCJ.

C.    *Point Loma's Motion to Strike Portions of the District's Reply Brief Is Denied*

Point Loma filed a motion to strike portions of the District's reply brief that raise new arguments and refer to facts outside the record, which the District has not opposed. Among the arguments the District urged in its reply brief and at oral argument, but that it did not urge in its petition for writ of review, is the argument that Point Loma is not

entitled to interest because it did not submit a "properly documented" lien to the claims handler.  Because we need not consider arguments raised for the first time in a reply brief or consider facts outside the record, rather than strike the offending portions of the reply brief, we simply disregard them.  (Cal. Rules of Court, rule 8.204(e)(2)(C); *Brakke v. Economic Concepts, Inc.* (2013) 213 Cal.App.4th 761, 765; *Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 268.)  The motion is therefore denied as moot.

## DISPOSITION

The decision of the Board is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.